AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.   **ORDER OF DETENTION PENDING TRIAL**

JULIO CESAR LOYA-CONTRERAS    Case Number: 07-20100-06-JWL-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 23, 2009        s/ David J. Waxse
                                *Signature of Judicial Officer*

                                DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Julio Cesar Loya-Contreras
Criminal Action 07-20100-06-JWL-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to consider to determine whether there are conditions of release that will assure the appearance of the defendant and the safety of the community.

The first is the nature and circumstances of the offense charged and whether it involves a controlled substance or a firearm. It does involve both of those, so those are negative factors.

The next factor is the weight of the evidence against the person. There has been a Grand Jury Indictment so there is a probable cause determination. Beyond that it is not this court's role to determine whether there is sufficient evidence to convict.

The next factor is the history and characteristics of the person, including their physical and mental condition. There is nothing there that would indicate a problem.

There are no family ties to the community here so that is a problem

There is no employment here so that is a problem.

There is no indication of substantial resources that would enable him to flee so that is not a problem.

The next factor is length of residence in the community. There is no showing that he has actually been a resident here for any period of time so that is a problem.

Community ties are problematic because there is no indication of community ties.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. There is no real substantial problem with criminal history or appearances so that is not an issue.

2

The next factor is whether at the time of the current offense or arrest the person was on probation, parole, or other release. Having been deported, he was allegedly again found in the United States when it would be a condition of his deportation that he not return, so that is a problem.

The final factor is the nature and seriousness of the danger to the person or community that would be posed by the person's release. Any time you are dealing with narcotics transactions that is a danger.

Considering all those factors, as well as the presumption that I find has not been rebutted, the defendant will remain detained pending further hearing.